No. 5417.

JAMES. L. FERREE ET AL. VS. WM. P. SMITH.

When the owner of a patented machine sells to another the exclusive right to use, and dispose of the machine within a certain territory, he thereby excludes himself, and all others acting under his authority, from using or selling, within said territory, any other machine. called by a different name, and differing slightly in its construction and method of operation, but which is *substantially* the same machine, performing substantially the same kind of work.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

*A. & W. Voorhies*, for plaintiffs and appellees.

*Hornor & Benedict*, for defendant.

The opinion of the court was delivered by

DEBLANC, J. On the fifteenth of August, 1871, William Smith, acting in his own name and as agent of L. M. Rumsey, sold to plaintiffs, James L. Ferree and John R. Davidson, "all the right, title and interest which they had in an invention to drill rock and earth, for which, on the first of June 1869, they obtained a patent from the United States; the right thus transferred to be held and enjoyed to the end of the term for which the patent is granted, and as fully and entirely as then held by the vendors."

In the deed from defendants to plaintiffs, it is expressly stipulated that the privilege thus assigned to the latter shall be exercised by them in only the parish of Pointe Coupee, and that, within the limits of said parish, none but the drovewell referred to in the deed, and none of that description but those to be manufactured and furnished by William Smith shall be used by his transferees.

Under this contract, what were, if not the express, at least the implied obligations of defendants? It certainly was not to enter in competition with their assignees and in the designated locality, either with the patented drill or any other. It was more: they could not fairly advise, assist and encourage others to drill wells in said locality.

Have they done so? One of them, William Smith, manufactured what he seems to consider as two different drovewells, one which does, and one which does not revolve, as they are driven. He claims that it is the first which he sold to plaintiff, and that he, and any one else, has a perfect right to use, sell and drive the other at any and every place. He so informed James Holmes, who, thereafter, drove, in the parish of Pointe Coupee, several of those non-revolving wells.

Davidson came to the city, spoke to Smith on this subject, mentioned the names of those for whom those wells had been driven, complained that he had advised not to deal with him, that, besides, he had himself sent the machinery and appliances for those wells to Pointe Coupee,

and Smith answered that he would continue to do so. He evidently relies on the difference existing between the two wells and indicated in his and his witnesses' declarations,. Whatever may be that difference, and it is very slight, Smith has violated his contract of the fifteenth of August.

"In determining the question of infringement, we are not to determine about similarities or differences, merely by the names of things, but are to look to the machines or several devices or elements in the light of what they do or what office or function they perform and how they perform it, and to find that a thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result." Union Refinery vs. Matthieson, 2 Fish. 602.

"It makes no matter what additions to or modifications of a patentee's invention a defendant may have made: if he has taken what belonged to the patentee he has infringed, although with his improvement the original machine or device may be much more useful." Howe vs. Morton, 1 Fish. 587.

In their answer to the appeal, plaintiffs pray that the judgment of the lower court be amended and they allowed, as damages, the sum of five thousand dollars. The facts disclosed on the trial do not authorize either the amendment or reversal of said judgment, which is affirmed with costs.

Rehearing refused.